UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x
ROGER BRONSON, *pro se*, :
                 Plaintiff, :
       -against- :
                         : **SUMMARY ORDER**
STATE OF NEW YORK, : 10-CV-654 (DLI) (SMG)
                 Defendant. :
                              :
-------------------------------------------------- x
ROGER BRONSON, pro se, :
                 Plaintiff, :
                        :
-against- : 10-CV-1045 (DLI) (SMG)
                          :
STATE OF NEW YORK, :
                 Defendant. :
-------------------------------------------------- x
ROGER BRONSON, *pro se*, :
                 Plaintiff, :
                        :
           -against- : 10-CV-1085 (DLI) (SMG)
                          :
AT&T WIRELESS NETWORK, :
                 Defendant. ::
-------------------------------------------------- x
ROGER BRONSON, *pro se*, :
                 Plaintiff, :
                        :
          -against- : 10-CV-1086(DLI) (SMG)
                          :
STATE OF NEW YORK, :
                 Defendant. :
-------------------------------------------------- x
ROGER BRONSON, *pro se*, :
                 Plaintiff, :
                        : 10-CV-1168 (DLI) (SMG)
       -against- :
                          :
VERIZON WIRELESS, :
                 Defendant. :
-------------------------------------------------- x

```
ROGER BRONSON, pro se,              :
                    Plaintiff,      :
                                    :
        -against-                   :      10-CV-1169(DLI) (SMG)
                                    :
STATE OF NEW YORK,                  :
                    Defendant.      :
------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On February 11, 2010, *pro se* plaintiff filed his first *in forma pauperis* action against the State of New York under docket number 10-cv-654 seeking damages in the amount of $400,000,000 ("first complaint" or "Compl. I"). On March 4, 2010, plaintiff filed a second *in forma pauperis* action under docket number 10-cv-1045, also against the State of New York, seeking damages in the amount of $200,000,000 ("second complaint" or "Compl. II"). Additional *in forma pauperis* complaints were filed against the State of New York on March 9, 2010 and March 11, 2010. *See Docket Numbers* 10-CV-1086 and 10-CV-1169. Plaintiff also filed *in forma pauperis* complaints on March 8, 2010 against AT&T Wireless Network and March 10, 2010 against Verizon Wireless. *See* Docket Numbers 10-cv-1085 and 10-cv-1168. The court grants plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for purposes of this Order. For the reasons set forth below, each of these complaints is dismissed. Plaintiff is further directed to show cause, no later than April 30, 2010, why the court should not bar him from filing any other *in forma pauperis* actions without first obtaining leave from the court.

The court is mindful that the complaints, filed *pro se*, should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Accordingly, the complaints are construed broadly and interpreted "to raise the strongest arguments it suggests." *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004). However, under 28

U.S.C. § 1915 (e)(2)(B), a district court must dismiss an *in forma pauperis* action when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy, or (2) the claim is based on an undisputedly meritless legal theory." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than . . . 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Ashcroft*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 555 U.S. at 557).

Each of plaintiff's complaints contains only bald recitations of incoherent, abstract violations completely devoid of factual support. For instance, in the first complaint, plaintiff offers only unintelligible allegations that do not establish any cognizable cause of action against the State of New York. Plaintiff's two-page, handwritten complaint lists his address and specifies that the defendant in this action is the "State of New York – New York City." It then states that the jurisdiction of this Court is invoked pursuant "to New York State Federal Courte [*sic*] (Eastern District)." The next paragraph, under the heading "Statement of Claim," states, in its entirety:

> Penal 15.20 - Effect of ignorance or mistaken liability – (illegall [*sic*]-investigation) – (1) Federal-Warrent [*sic*] issued – (2) (1) "No just cause" – (2) no – crime – (3) no – witness (4) no – motive – (5) constitutional & human rights violated by N.Y.P.D. – Unnamed federal agencies – (1) stalking (2) harrassment [*sic*] (3) illegal – wiretaps (4) tampering (5) conspiracy.

Compl. I at 2. Plaintiff concludes by indicating that the remedy sought for "Personal-Emotional-Physical" damage is "four hundred million dollars." The first complaint is wholly deficient under Rule 8, as it fails to provide the Court or opposing party with notice of plaintiff's claims.

Similarly, the second complaint is another two-page, handwritten submission. Other than indicating plaintiff's address, the defendant, and the remedy sought—two hundred million dollars for "blatant 'criminal acts' by state officers, administration, N.Y.P.D. (illegal wiretapping survellience/stalking [*sic*])," the complaint states, in its entirety:

> Conspiracy, of State & City Institutions, to hide and remove witeness's [*sic*], documents, video's [*sic*], pictures of the Plaintiff, Roger Bronson, concealing various "human Rights Violations" [*sic*] coupled with mental and "emotional," "torture" techniques, which are totally illegal & unconstitutional, with a variety of other illegal maneuvers, to conceal their theft of a "disabled person's identity," with knowing intent using "entrapment techniques" plus, [*sic*] "Human Rights Violations."

Compl. II at 1-2. Such vague, incoherent claims do not suffice to establish any sort of misconduct by any state or city institution. The remaining complaints are similarly deficient, and lack any basis in law or fact. Accordingly, each of these frivolous complaints is dismissed, as they fail to state any federal claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Furthermore, to the extent plaintiff seeks to bring claims under 42 U.S.C. § 1983, his claims are dismissed because they seeks monetary relief against the State of New York, which is immune from suit under the Eleventh Amendment of the U.S. Constitution. 28 U.S.C. § 1915(e)(2)(B)(iii). It is well-established that neither states nor state officials sued in their official capacities are subject to suit under Section 1983. *Will v. Michigan Dep't of State Police*,

491 U.S. 58, 71 (1989) (holding neither states nor state officials acting in their official capacities are persons within the meaning of Section 1983).

Although the court would usually defer to plaintiff's *pro se* status and allow plaintiff to amend a complaints, the court finds that the complaints are so fatally deficient that there is no possibility that an amended complaint would succeed in stating a claim.  *See* Fed. R. Civ. P. 15(a); *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000).  Allowing plaintiff to amend would result in a waste of scarce judicial resources and would not further the interests of justice.

Plaintiff is directed to show cause, by written affirmation and no later than April 30, 2010, why the court should not bar him from filing *in forma pauperis* complaints, without leave of the court.  If plaintiff fails to timely comply, the court will enter an Order issuing a filing injunction as set forth above.  The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 16, 2010

>                   /s/
>            DORA L. IRIZARRY
>          United States District Judge