UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------ x

ROGER BRONSON, *pro se*,          :

             Plaintiff,     :

    -against-       :          **<u>SUMMARY ORDER</u>**

                   :       10-CV-654 (DLI) (SMG)

STATE OF NEW YORK,     :

             Defendant.   :

                   :

------------------------------------------------ x

ROGER BRONSON, *pro se*,          :

             Plaintiff,     :

                   :       **<u>SUMMARY ORDER</u>**

    -against-       :       10-CV-1045 (DLI) (SMG)

                   :

STATE OF NEW YORK,     :

             Defendant.   :

------------------------------------------------ x

ROGER BRONSON, *pro se*,          :

             Plaintiff,     :

                   :       **<u>SUMMARY ORDER</u>**

    -against-       :       10-CV-1085 (DLI) (SMG)

                   :

AT&T WIRELESS NETWORK,    :

             Defendant.   :

------------------------------------------------ x

ROGER BRONSON, *pro se*,          :

             Plaintiff,     :

                   :       **<u>SUMMARY ORDER</u>**

    -against-       :       10-CV-1086 (DLI) (SMG)

                   :

STATE OF NEW YORK,     :

             Defendant.   :

------------------------------------------------ x

ROGER BRONSON, *pro se*,          :

             Plaintiff,     :

                   :       **<u>SUMMARY ORDER</u>**

    -against-       :       10-CV-1168 (DLI) (SMG)

                   :

VERIZON WIRELESS,     :

             Defendant.   :

------------------------------------------------ x

ROGER BRONSON, *pro se*,                 :
                          Plaintiff,         :
                                            :          **SUMMARY ORDER**
               -against-                  :          10-CV-1169 (DLI) (SMG)
                                            :
STATE OF NEW YORK,                   :
                          Defendant.       :
------------------------------------------------------ x
ROGER BRONSON, *pro se*,                 :
                          Plaintiff,         :
                                            :          **SUMMARY ORDER**
               -against-                  :          10-CV-1310 (DLI) (SMG)
                                            :
STATE OF NEW YORK,                   :
                          Defendant.       :
------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

From February 11, 2010 to March 8, 2010, *pro se* plaintiff Roger Bronson filed six *in forma pauperis* actions. (*See* Docket Numbers 10-cv-654, 10-cv-1045, 10-cv-1085, 10-cv-1086, 10-cv-1168, 10-cv-1169.) By Order dated March 16, 2010, the court dismissed these complaints, and directed the plaintiff to show cause why the court should not bar him from filing *in forma pauperis* complaints without leave of the court. On April 1, 2010, plaintiff filed a letter responding to the court's March 16, 2010 Order. In one of the dismissed actions, plaintiff also filed an additional document, dated April 2, 2010, apparently attempting to further explain the claims submitted in that action and the reasons why he should be permitted to continue filing future actions. (*See* Docket Number 10-cv-1169.)[1] Additionally, on March 18, 2010, plaintiff filed another *in forma pauperis* action against the State of New York seeking damages in the amount of $10,000,000. (*See* Docket Number 10-cv-1310.)

---

[1] On April 12, 2010, plaintiff filed yet another letter. (*See* Docket Number 10-cv-654.) This letter requests that the court permit someone to appear on plaintiff's behalf on his "appointed Court date." (*See id.*) As the court has dismissed all of plaintiff's complaints, there is no court appearance scheduled and thus no need to address plaintiff's request.

With respect to the March 18, 2010 complaint, the court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for purposes of this Order. For the reasons set forth below, the March 18, 2010 complaint is dismissed. Moreover, with respect to plaintiff's two letters, plaintiff's responses fail to adequately explain why he should not be barred from filing *in forma pauperis* complaints without leave of the court, and he is, therefore, enjoined from filing any new *in forma pauperis* action in the District Court for the Eastern District of New York without first obtaining leave of this court.

## DISCUSSION

### 1. Plaintiff's March 18, 2010 Complaint

The court is mindful that the complaint, filed *pro se*, should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Accordingly, the complaint is construed broadly and interpreted "to raise the strongest arguments it suggests." *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court must dismiss an *in forma pauperis* action when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy, or (2) the claim is based on an undisputedly meritless legal theory." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The pleading standard set forth in

Rule 8 "does not require 'detailed factual allegations,' but it demands more than . . . 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Ashcroft*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 555 U.S. at 557).

Like his other six complaints, plaintiff's March 18, 2010 complaint contains only a bald recitation of incoherent, abstract violations completely devoid of factual support. Other than indicating plaintiff's address, the defendant, and the remedy sought—ten million dollars—the complaint states, in its entirety:

> The jurisdiction of the Court is invoked pursuant to my "Bill Of Rights" U.S.A./Rights Of Man And Of the Citizen" [sic] has been severely violated, by "Unjustified, Searches and Seizures," Also, Tampering and Conspiracy, on the "Federal" level, Plus "Cruel and Unusual Punishments" (Constitutional prohibitions) also "Mental and Emotional abuse" by the "City" and "State" from various froms [sic] of Mental and Emotional, isolation techniques On the Federal, Level!!!  The issues described have been going on for at leaste [sic] 3 years!!!

(Compl. at 1-2.)  Such vague and disjointed statements do not suffice to establish any sort of misconduct by any state institution.  Accordingly, this frivolous complaint is dismissed, as it fails to state any claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Furthermore, to the extent plaintiff seeks to bring claims under 42 U.S.C. § 1983, his complaint is dismissed because it seeks monetary relief against the State of New York, which is immune from suit under the Eleventh Amendment of the U.S. Constitution.  28 U.S.C. § 1915(e)(2)(B)(iii).  It is well-established that neither states nor state officials sued in their official capacities are subject to suit under Section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding neither states nor state officials acting in their official capacities are persons within the meaning of Section 1983).

Although the court would usually defer to plaintiff's *pro se* status and allow plaintiff to amend a complaint, the court finds that the complaint is so fatally deficient that there is no possibility that an amended complaint would succeed in stating a claim. *See* FED. R. CIV. P. 15(a); *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). Allowing plaintiff to amend would result in a waste of scarce judicial resources and would not further the interests of justice.

### 2. Plaintiff's Response to the Court's March 16, 2010 Order

Plaintiff's responses fail to present any reason why the court should not bar him from filing *in forma pauperis* complaints without leave of the court. In his April 1, 2010 letter, rather than offering any cause for permitting future filing, plaintiff instead offers brief and vague factual allegations in an attempt to explain the merits of the complaints that were dismissed. Plaintiff's April 2, 2010 letter likewise provides incoherent factual allegations in an attempt to explain the merits of his claims, and fails to provide any reason why he should be permitted to continue filing actions in this court. The letters are similar in content to the March 18, 2010 complaint, described above. Plaintiff's responses confirm the court's impression that plaintiff is unwilling or unable to comply with the procedural requirements of a civil action as delineated in Rule 8.

"If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted). Accordingly, it is hereby ORDERED that (1) Mr. Bronson is enjoined from filing any new *in forma pauperis* action in the District Court for the Eastern District of New York without first obtaining leave of this court; and (2) the Clerk of Court is directed to return to Mr. Bronson,

without filing, any action that is received without an application seeking leave to file. 28 U.S.C. § 1651.

## CONCLUSION

For the reasons set forth above, plaintiff's March 18, 2010 complaint is dismissed. Furthermore, plaintiff is enjoined from filing any new *in forma pauperis* action in the District Court for the Eastern District of New York without first obtaining leave of this court. Nothing herein shall be construed to prohibit Mr. Bronson from filing an appeal of this Order. The court, however, certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      April 13, 2010

                                               /s/
                              _____
                                    DORA L. IRIZARRY
                                  United States District Judge